UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LATCHMIE TOOLASPRASHAD,

                       Petitioner,

                                                          **Hon. Hugh B. Scott**

                       v.                                   12CV734

                                                          **Order**

TODD TRYON, Assistant Field Office Director,

                       Respondent.

Before the Court is the pro se petitioner's motion to compel discovery in this habeas corpus proceeding (Docket No. 11). Responses to this motion were due by December 19, 2012 (Docket No. 13), and respondent filed his timely response (Docket No. 14). This motion was deemed submitted, without oral argument, on December 17, 2012, given respondent's timely response (cf. Docket No. 13, having motion submitted on December 19, 2012). Petitioner later filed his notice of his inability to file a response (Docket No. 15).

Also pending is petitioner's motion (Docket No. 12) for appointment of counsel in this case.

BACKGROUND

This is one in a series of actions commenced in this Court (among others) by petitioner in his attempt to challenge his removal from the United States, the lawfulness of his pre-removal detention, and the conditions under which he is detained (see Toolasprashad v. Tryon, No. 11CV696; Toolasprashad v. Tryon, No. 11CV840 (consolidated with 11CV696);

Toolasprashad v. Immigration & Customs Enforcement[1], No. 11CV922 (action under FOIA); Toolasprashad v. Tryon, No. 12CV14 (consolidated with 11CV696); Toolasprashad v. Tryon, No. 13CV74 (habeas proceeding commenced in the United States Court of Appeals for the Second Circuit and later transferred to this Court); Toolasprashad v. Tryon, No. 13CV80[2] (suing Department of Homeland Security, ICE officers for allegedly talking publicly about plaintiff and his proceedings)). Some of these cases were closed (Nos. 11CV696, 11CV840, 12CV14). The present case is a habeas corpus proceeding challenging his detention in the custody of the United States Department of Homeland Security, Toolasprashad v. Tryon, 12CV734.

      Petitioner here moves to compel discovery of documents from his immigration file that underlie his removal proceedings (Docket No. 11, Pet'r Motion). He seeks the results of various letters and other documents, including letters to Jeffrey Blumberg, Director, Office of Civil Rights and Civil Liberties in the Department of Homeland Security, regarding the legal reference materials not available at the Buffalo Detention Facility, contending that respondent has denied petitioner access to the courts (id. at 1, 2 n.1). This Court notes that petitioner is not suing in this proceeding to challenge his access to courts or claiming that he was deprived of his constitutional rights to that access, although one form of relief petitioner seeks here is appointment of a volunteer lawyer to assist him in presenting this matter (Docket No. 1, Pet. at 6 ; see Docket No. 12). Here, petitioner contends that he lacked the tools necessary to assert his Petition (Docket No. 1, Pet. at 6 & n.7). He concludes that the proposed discovery is limited, that it is

---

[1]Hereinafter, Immigration and Customs Enforcement is also referred to as "ICE."

[2]Given that each case has identical or nearly identical names, they will be referred hereinafter by their case numbers.

necessary, and the materials are relevant to this habeas proceeding (Docket No. 11, Pet'r Motion at 2).

Respondent argues that discovery is limited in habeas proceedings and that petitioner has not shown good cause for discovery (Docket No. 14, Resp't Memo. at 3-8), as respondent answered the original discovery demands (id., Ex. A).

In his notice of his inability to respond (Docket No. 15), petitioner reasserts his United States citizenship and his need for this discovery is essential to end his illegal detention (id. at 1).

This Court also notes that one of his pending action, Toolasprashad v. ICE, supra, No. 11CV922, seeks production under FOIA of his immigration A file.

DISCUSSION

I. Discovery in Habeas Proceeding

In immigration habeas proceedings, a petitioner is not entitled to discovery as a matter of course, Rules Governing Section 2254 Cases Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969) (Docket No. 14, Resp't Memo. at 3), unlike the discovery available in most civil litigation, cf. Fed. R. Civ. P. 26. Under Rule 6(a), this Court for good cause may authorize production of discovery, Rules Governing Section 2254 Cases Rule 6(a), and "the party requesting discovery must provide reasons for the request," id., Rule 6(b). The Advisory Committee Notes supporting enactment of Rule 6 noted that discovery may aid the Court in determining whether an evidentiary hearing was necessary, Rules Governing Section 2254 Cases Rule 6 advisory committee's note (1976). The decision whether to allow such discovery is left to the discretion of this Court, id.

Petitioner here challenges his continued detention by ICE. As noted by respondent (Docket No. 14, Resp't Memo. at 4), none of petitioner's discovery requests are related to that detention. Instead, petitioner seeks the results of correspondence or other documents about inquiries into his immigration status (see id. Ex. A, Resp't Responses to Pet'r's Discovery Request Nos. 1-6; Docket No. 11, Pet'r Motion at 1-2) or the absence of legal reference materials at the Buffalo Detention Center (Docket No. 14, Resp't Memo., Ex. A., Responses to Request Nos. 7-8), which involves the conditions of his confinement. Petitioner does not state how these documents would be relevant to this habeas proceeding. Documents responsive to those demands would not expose relevant evidence that would progress this habeas proceeding.

From this proceeding and the other actions filed by petitioner, he is seeking an adjudication of the ultimate issue of his legal status in the United States and his removal. These actions (FOIA requests in No. 11CV922, civil rights claims arising from his detention, e.g., No. 11CV696; cf. No. 12CV734, Docket No. 14, Resp't Memo. at 7, whether ICE officers discuss his affairs publicly, No. 13CV80) are ancillary or tangential to that immigration removal determination. Whether petitioner should be detained, the subject of this habeas proceeding, and how he is being detained or how he is treated during that detention are different matters. Since this habeas proceeding would only adjudicate whether his continued detention with ICE is lawful, discovery seeking information beyond that issue (such as the conditions of his confinement) reaches irrelevant materials to that determination. Petitioner's motion to compel this discovery based upon his requests (Docket No. 11) is **denied**.

II.     Appointment of Counsel

As for his motion for appointment of counsel (Docket No. 12), this Court notes that counsel was appointed to petitioner in Toolasprashad v. ICE, No. 11CV922 (Docket No. 30). Petitioner's motion for appointment of counsel in this case (Docket No. 12; see also Docket No. 1, Pet. at 6 & n.7; Docket No. 15, Pet'r Notice, at 1) is **denied without prejudice**. The Court has reviewed the facts presented herein in light of the factors required by law, see Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989) (counsel may be appointed in cases filed by indigent petitioner where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the petitioner has made "a threshold showing of some likelihood of merit"); Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986) (appointment of counsel within the discretion of the Court). Based on this review, petitioner's motion for appointment of counsel (Docket No. 12) is **DENIED WITHOUT PREJUDICE AT THIS TIME**. It remains petitioner's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

CONCLUSION

For reasons stated above, petitioner's motion to compel (Docket No. 11) is **denied** and his motion for appointment of counsel (Docket No. 12) **is denied without prejudice**.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       February 26, 2013