UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LATCHMIE TOOLASPRASHAD,

       Petitioner,

                     **Hon. Hugh B. Scott**

       v.                 12CV734

                       **Order**

TODD TRYON, Assistant Field Office Director,

       Respondent.

   Before the Court is the pro se petitioner's motion to reconsider (Docket No. 17) denial (see Docket No. 16) of his motion to compel discovery in this habeas corpus proceeding under 28 U.S.C. § 2241 (Docket No. 11) and his motion (Docket No. 12) for appointment of counsel.

## BACKGROUND

   This case is in a series of actions commenced in this Court (among others) by petitioner in his attempt to challenge his removal from the United States, the lawfulness of his pre-removal detention, and the conditions under which he is detained at the Buffalo Detention Facility, in Batavia, New York, while awaiting disposition of his removal proceedings (see Toolasprashad v. Tryon, No. 11CV696; Toolasprashad v. Tryon, No. 11CV840 (consolidated with 11CV696); Toolasprashad v. Immigration & Customs Enforcement[1], No. 11CV922 (action under FOIA; hereinafter referenced as "No. 11CV922"); Toolasprashad v. Tryon, No. 12CV14 (consolidated with 11CV696); Toolasprashad v. Tryon, No. 13CV74 (habeas proceeding commenced in the

---

[1]Hereinafter, Immigration and Customs Enforcement is also referred to as "ICE."

United States Court of Appeals for the Second Circuit and later transferred to this Court); Toolasprashad v. Tryon, No. 13CV80 (suing ICE officers for allegedly talking publicly about plaintiff and his proceedings)). Some of these cases were closed (Nos. 11CV696, 11CV840, 12CV14, 13CV74).

The present case, No. 12CV734, is a habeas corpus proceeding, pursuant to 28 U.S.C. § 2241, challenging his detention in the custody of the United States Department of Homeland Security at the Buffalo Detention Center.

Petitioner moved to compel discovery of documents from his immigration file that underlie his removal proceedings and seeks the results of correspondence he sent regarding the absence of legal reference materials at the Buffalo Detention Facility (Docket No. 11, Pet'r Motion). Petitioner also sought appointment of a volunteer lawyer to assist him in presenting this matter (Docket No. 1, Pet. at 6; see Docket No. 12).

This Court denied petitioner's request for discovery relative to his writ of habeas corpus because, under Rule 6(a) of the Rules Governing Section 2254 Cases (Docket No. 16, Order of Feb. 26, 2013, at 3-4). This Court then denied his motion for appointment of counsel in this action (id. at 5).

Petitioner now moves for reconsideration, repeating his arguments that the Buffalo Detention Center, in effect, lacks a law library sufficient for him to respond (even to research the cases cited in this Court's Order) (Docket No. 17, Pet'r Motion at 1). Petitioner contends that discovery here would show that his immigration matter was resolved in his favor but immigration staff did not consider these documents (id.).

DISCUSSION

I.      Reconsideration Standard

Habeas proceedings under 28 U.S.C. § 2241, unlike other habeas provisions, lack specific rules governing these proceedings. Under Federal Rule of Civil Procedure 81(a)(4), the Federal Rules of Civil Procedure apply to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."

Furthermore, none of the habeas provisions, including § 2241, or their special rules has a rule governing procedure for reconsideration of decisions. Courts have borrowed the Federal Rules of Civil Procedure for reconsideration motions, see Thomas v. United States, No. 02 Civ. 6254, 2005 U.S. Dist. LEXIS 18677, at *5 (S.D.N.Y. Sept. 1, 2005) (in § 2255 habeas proceeding on Government's motion to reconsider applying district court's Local Civil Rules 6.3 for reconsideration motions); Gordon v. Poole, No. 07CV494, 2008 U.S. Dist. LEXIS 1655, at *4 (W.D.N.Y. Jan. 9, 2008) (Scott, Mag. J.) (in § 2254 habeas proceeding where parties later consented to proceed before Magistrate Judge, objections of petitioner deemed to be motion for reconsideration under Federal Rules of Civil Procedure 52(b), 59(e), or 60(b)). Under Federal Rule of Civil Procedure 60, the grounds for reconsideration are correction of a clerical mistake arising from oversight or omission, Fed. R. Civ. P. 60(a), mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by opposing party; the judgment is void or satisfied; or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1)-(6). Mistake here is the application of the incorrect habeas statute and its

procedural rules. The previous Order erroneously referred to 28 U.S.C. § 2254 and the rules governing those proceedings, without reference to § 2241. Petitioner is in federal, and not state, custody. Hence, his habeas proceeding is under 28 U.S.C. § 2241. As discussed below, this Court appropriately applied the procedures under the Section 2254 Rules in this federal custody habeas proceeding. Insofar as petitioner seeks reconsideration of his motion, that relief is **granted**; his underlying motion is considered next.

II.     Discovery in Habeas Proceeding under Section 2241

Under 28 U.S.C. § 2241, "a petitioner is entitled to habeas relief if he is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3)," Yosef v. Killian, 646 F. Supp. 2d 499, 504 (S.D.N.Y. 2009) (Maas, Mag. J.) (Report & Recommendation), adopted by, 646 F. Supp. 2d 499, 502 (S.D.N.Y. 2009). Courts have adopted the Rules Governing Section 2254 Cases, including its discovery Rule 6 (cited in the previous Order, Docket No. 16, Order of Feb. 26, 2013, at 3), in habeas proceedings under § 2241, see Yosef, supra, 646 F. Supp. 2d at 504 n.4 (Docket No. 14, Resp't Memo. at 3-4); see also Harris v. Nelson, 394 U.S. 286, 294 (1969) (not applying Federal Rules of Civil Procedure discovery rules to habeas proceeding); Thompson v. Lappin, Civil No. 07-2694, 2008 U.S. Dist. LEXIS 49574, at *1, *4 (D.N.J. June 24, 2008) (applying § 2254 Rules to habeas proceeding by federal prisoner serving sentence in state prison under §2241); Alexis v. Holmes, No. 03CV25, 2004 U.S. Dist. LEXIS 27204, at *8 (W.D.N.Y. Sept. 29, 2004) (Scott, Mag. J.) (denying immigration habeas petitioner's motion to conduct discovery where petitioner failed to demonstrate that discovery was necessary to determine the petition); Lo Duca v. United States, No. CV-95-713, 1995 U.S. Dist. LEXIS 21155, at *44 (E.D.N.Y. July 12, 1995) (in extradition proceeding, while

4

discovery is available, it is not a right of the relator and within the discretion of the district court, denying motion for discovery). In immigration habeas proceedings under § 2241, a petitioner is not entitled to discovery as a matter of course, Yosef, supra, 646 F. Supp. 2d at 504 n.4 (citing cases); see also Rules Governing Section 2254 Cases Rule 6(a); Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969) (Docket No. 14, Resp't Memo. at 3-4), unlike the discovery available in most civil litigation, cf. Fed. R. Civ. P. 26. In Yosef, the district court applied the good cause standard under Rule 6(a), see Rules Governing Section 2254 Cases Rule 6(a), and held that absent a showing of good cause, the decision whether to allow such discovery is left to the discretion of this Court, Yosef, supra, 646 F. Supp. 2d at 504 n.4.

Upon reconsideration under the proper standard, this Court, in the exercise of its discretion and absent a showing of good cause by petitioner, **reiterates the denial** of petitioner's motion for discovery. Petitioner seeks discovery of material that may or may not have been before immigration authorities in the removal process. In habeas proceedings, the record before the institution that decided the petitioner's fate is fixed, hence usually there is no need for discovery. As previously found (Docket No. 16, Order at 4), petitioner here challenges his continued detention by ICE at the Buffalo Detention Center, including in his challenge the conditions of his confinement (for example, the dearth of legal materials at the Detention Center). As noted by respondent (Docket No. 14, Resp't Memo. at 4), none of petitioner's discovery requests are related to that detention. Instead, petitioner seeks the results of correspondence or other documents about inquiries into his immigration status (see id. Ex. A, Resp't Responses to Pet'r's Discovery Request Nos. 1-6; Docket No. 11, Pet'r Motion at 1-2) or the absence of legal reference materials at the Buffalo Detention Center (Docket No. 14, Resp't

Memo., Ex. A., Responses to Request Nos. 7-8), which involves the conditions of his confinement. Petitioner now argues that these documents are relevant to his habeas Petition because it shows materials ignored by immigration officials that would have shown his citizenship. The documents responsive to those demands, however, would not expose relevant evidence that would advance this habeas proceeding.

Therefore, petitioner's motion for reconsideration (Docket No. 17) of his denied motion to compel this discovery based upon his requests (Docket No. 11) is **denied**.

II.  Appointment of Counsel

Petitioner also seeks reconsideration of the decision to deny (without prejudice) appointment of counsel for this action (Docket No. 17, Pet'r Motion at 4-5). As previously noted (Docket No. 16, Order at 5), counsel was appointed to petitioner in No. 11CV922 (No. 11CV922, Docket No. 30; see also id., Docket No. 36). Possibly the intersection of petitioner's claims in No. 11CV922 and his habeas petition in 12CV734 may suggest to his appointed counsel in the former action that he may seek appointment in this habeas proceeding; this Court, however, will not compel this result at this time.

Petitioner's motion for appointment of counsel in this case (Docket No. 12; see also Docket No. 1, Pet. at 6 & n.7; Docket No. 15, Pet'r Notice, at 1) is **denied**. Upon further consideration, this Court adheres to its earlier findings in light of the factors required by law, see Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989) (counsel may be appointed in cases filed by indigent petitioner where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the petitioner has made "a threshold showing of some likelihood of merit");

Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986) (appointment of counsel within the discretion of the Court). Nothing new has been shown by petitioner to warrant appointment of counsel at this time; the same conditions petitioner has been in regarding the lack of legal research resources continue today. Based on this review, petitioner's motion to reconsider the denial appointment of counsel (Docket No. 16; see Docket No. 12) is **DENIED WITHOUT PREJUDICE AT THIS TIME**. It remains petitioner's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

## CONCLUSION

For reasons stated above, petitioner's motion to reconsider (Docket No. 17) his denied (cf. Docket No. 16) motion to compel discovery (Docket No. 11) is **granted in part** (to consider the motion under the appropriate habeas statutes) but the original motion to compel remains **denied**. Reconsideration (Docket No. 17) of his motion for appointment of counsel (Docket No. 12) remains **denied without prejudice**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 11, 2013